UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN DUDLEY,  Case No. 1:09-cv-749

       Plaintiff,  Dlott, J.
  Bowman, M.J.
  v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Kevin Dudley filed this Social Security appeal in order to challenge the Defendant's findings that he is not disabled prior to August 14, 2007. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. As explained below, I conclude that the ALJ's finding of non-disability for the period prior to August 14, 2007 should be REVERSED, because it is not supported by substantial evidence in the administrative record.

**I. Summary of Administrative Record**

On August 18, 2004, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) alleging an onset date of August 5, 2004. (Tr. 55). On August 23, 2006, after Plaintiff's claims were denied initially and upon reconsideration, he requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). (Tr. 42). This evidentiary hearing was held on August 11, 2008. (Tr. 43). On August 22, 2008 ALJ Larry A. Temin issued a partially favorable decision whereby the ALJ found Plaintiff to be disabled as of August 14, 2007. (Tr. 13-15).

1

The ALJ's "Findings," which represent the rationale of the decision, were as follows:

1. The claimant met the insured status requirements for disability insurance benefits on his alleged onset date of August 5, 2004, and continues to meet them through December 31, 2009.

2. There is no evidence that the claimant has engaged in any substantial gainful activity since his alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).

3. Since the alleged onset date of disability, the claimant has had the following severe impairments" osteoarthritis of the hips, cervical and lumbar disc disease, and residuals of right shoulder surgery (20 CFR 404.1520(c) and 416.920(c)).

    ………………………

    The evidence thus establishes that the claimant has "severe" osteoarthritis of the hips, lumbar and cervical disc disease, and residuals of right shoulder surgery. The claimant's hearing loss, obesity, and hypertension are not considered to be "severe" impairments. He can understand conversational voice despite his hearing loss. His hypertension has been managed with medications. His obesity is only mild when considered in conjunction with his height. These impairments have nonetheless been taken into account in assessing claimant's residual functional capacity. Although Dr. Pagani's notes mention depression, there is no clinical evidence of such, claimant receives no treatment for depression, and he did not allege a problem with depression at the hearing. Similarly, there is no evidence of carpal tunnel syndrome.

4. Prior to August 14, 2007, the date the claimant became disabled, the claimant did not have an impairment or combination of impairments that met or medically equaled an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d) and 416.920(d)).

    …………………….

5. Prior to August 14, 2007, the date the claimant became disabled, the claimant had the residual functional capacity to perform a range of sedentary work, as set forth below.

    …………………….

    As such, the undersigned finds the claimant capable of performing a range of sedentary work prior to August 14, 2007. The claimant could lift/carry/push/pull up to 5 pounds frequently and 10 pounds occasionally.

2

      He could stand and/or walk for 2 hours in an eight-hour workday (for 30 minutes at a time, and would then need to be able to sit for 5 minutes). He could sit for 1 hour at a time, and would then need to be able to stand for 2-3 minutes. He could only occasionally stoop, kneel, crouch, and climb stairs. He should not crawl, climb ladders/ropes/scaffolds, work at unprotected heights, or walk on grossly uneven terrain. He should not perform work requiring the forceful use of the lower extremities. He could only occasionally each above shoulder level. He should be allowed to use an assistive devise for ambulation.

6. Prior to August 14, 2007, the claimant was capable of performing past relevant work (20 CFR 404.1565 and 416.965).

……………………

7. Beginning on August 14, 2007, the severity of the claimant's hip impairments has medically equaled the requirements of section 1.02 of Appendix 1.

……………………

8. The claimant was not disabled prior to August 14, 2007 (20 CFR 404.120(g) and 416.920(g)), but became disabled on that date and has continued to be disabled through the date of this decision (20 CFR 404.1520(d) and 416.920(d)).

(Tr. 20-24).

On appeal to this court, Plaintiff maintains that the ALJ erred by: 1) failing to find his hearing loss was a severe impairment where audiological studies have documented hearing loss, thus eliminating his past relevant work as a collection agent; 2) failing to provide good reason for rejecting the opinion of treating physician Dr. Pagani.

## II. Analysis

### A. Judicial Standard of Review

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory

3

meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If an ALJ's decision was reached using correct legal standards and was supported by substantial evidence, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner

4

determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, he suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A). In this case, Plaintiff alleges that the ALJ erred at Steps 2, 4 and 5 of the sequential analysis requiring this court to reverse the Commissioner's decision.

### B. The ALJ's finding that Plaintiff's hearing loss is not a severe impairment is supported by substantial evidence

In his first assignment of error, Plaintiff complains that the ALJ ignored a State agency opinion in failing to find Plaintiff's hearing loss to be a severe impairment. If his hearing loss is a severe impairment, Plaintiff then argues, he cannot perform his past relevant work.

The State agency opinion referred to by Plaintiff is that of Dr. Allan Berger who, based solely on the test results showing a bilateral sensorineural hearing loss with

5

"SRT=75 db with 8% discrimination" in the left ear and "SRT=25 db with 84% discrimination" in the right ear, stated that Plaintiff could perform "no jobs requiring significant verbal communication." (Tr. 167). Dr. Berger evaluated only Plaintiff's hearing loss and no other physical ailments. This review was completed on November 2, 2004. On July 5, 2006, Dr. Nick Albert, another state agency doctor, stated, almost verbatim, the same finding as Dr. Berger (Tr. 224) but also noted that Plaintiff "does wear a hearing aid in the L ear and had no problems hearing conversational voice at ce [clinical examination]." (Tr. 225).

In September 2004, state agency Dr. Jennifer Bailey examined Plaintiff. She observed that Plaintiff "could hear and understand conversation voice without much difficulty." (Tr. 155). She also indicated that she did not have to raise her voice to be understood. (Id.). Dr. Bailey opined that "[t]here are no visual and/or communication limitations...". (Tr. 156). In 2006, Dr. Bailey again found no "communication limitations" based on Plaintiff's ability to understand what Dr. Bailey said throughout the examination. (Tr. 214).

The record shows that on August 13, 2004 Plaintiff was referred to Dr. Michael D. Wood for an evaluation of hearing loss. Dr. Wood noted that an audiogram showed "a dramatic bilateral sensorineural hearing loss with essentially no usable hearing in the left ear and some residual hearing in the right ear." (Tr. 210). He recommended that Plaintiff try amplification to try and support his ability to get back to work. (*Id*.). Dr. Wood also found that Plaintiff has a "reasonable prognosis for employment with a hearing aid on the right side." (Tr. 211).

In addition, Plaintiff testified that he watched TV, went to church and meeting of the Masons, and talked with friends on the phone, although, he also testified that he

6

would have to ask people to repeat themselves or speak louder. (Tr. 127, 128, 130-132). The record also indicates that the results of Plaintiff's hearing tests in 2004 were similar to those obtained in 1993 indicating that Plaintiff was able to work for over ten years with the hearing loss that he is now claiming was a severe impairment in 2004. (Tr. 151, 173).

> After reviewing the record, the ALJ found as follows:
>
> [The] medical records also show a history of bilateral hearing loss, mild to moderate on the left and moderate to severe on the right, with fair speech discrimination. New testing performed in August 2004 found mild to severe loss in the right ear and severe in the left. Speech discrimination was good in the right ear and poor in the left. At that time, he was referred to the Bureau of Vocational Rehabilitation (BVR) for hearing aids. (internal citations omitted).
>
> ***
>
> The claimant's hearing loss, obesity, and hypertension are not considered to be "severe" impairments. He can understand conversational voice despite his hearing loss. ... These impairments have nonetheless been taken into account in assessing claimant's residual functional capacity.

(Tr.20-21).

The ALJ further noted that Plaintiff "also has hearing loss in the left ear. He may need hearing aids. He has had such hearing loss for years, even while working." (Tr. 22). The ALJ went on to state that "[t]he record shows that the claimant's hearing loss could be corrected with hearing aids, but there is no evidence that he has followed through with the BVR in this regard. Nevertheless, he has good speech discrimination in the right ear without aids.

It is clear from the medical evidence that Plaintiff does suffer from hearing loss and that tests show mild to moderate hearing loss on the right side and moderate to

severe hearing loss on the left side as the ALJ found; however, there is substantial evidence in the record to support the ALJ's finding that Plaintiff's hearing loss is not severe. (See Tr. 151-152, 153, 167, 172, 210). As state above, if an ALJ's decision was reached using correct legal standards and was supported by substantial evidence, then that finding must be affirmed, even if substantial evidence also exists in the record to support another result. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010).

**C. The ALJ failed to provide good reasons for rejecting the opinion of the treating physician**

20 C.F.R. § 404.1527(d)(2) provides: "[i]f we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) *is well-supported by medically acceptable clinical and laboratory diagnostic techniques* and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight." *Id.* (emphasis added). The ALJ must provide a "good reason" for rejecting the opinion of the treating physician. *Id.*

The Court must reverse and remand a denial of benefits, even though "substantial evidence otherwise supports the decision of the Commissioner," when the ALJ fails to give good reasons for discounting the opinion of the claimant's treating physician. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-46 (6th Cir. 2004). A failure to follow the procedural requirement "of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers v. Comm'r of*

8

*Soc. Sec.*, 486 F.3d 234, 243 (6th Cir. 2007). Thus, while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be "sufficiently specific" to meet the goals of the "good reason" rule.

Plaintiff argues that the ALJ did not provide good reasons for rejecting Dr. Pagani's opinions. The ALJ explained that the opinion of Dr. Watson was given greater weight than that of Dr. Pagani because the limitations set forth by Dr. Pagani "are unsupported by the evidence of record, including his own treatment notes." (Tr. 23). After analyzing this case under the legal standard set forth above, this Court finds that this does not satisfy the "good reason" rule and that no exception applies.

The entirety of the ALJ's statement on the matter of the weight given to the treating physician is as follows: "The opinion of Dr. Watson is supported by the medical evidence and deserves greater weight. Although Dr. Pagani describes more significant limitations, such limitations are unsupported by the evidence of record, including his own treatment notes." (Tr. 23). The Court agrees with Plaintiff that this short statement does not satisfy the "good reason" requirement. However, the Court must determine if this error is harmless.

A violation of the rule might be "harmless error" if (1) "a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it"; (2) "if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion"; or (3) "where the Commissioner has met the goal of § 1527(d)(2)--the provision of the procedural safeguard of reasons--even though she has not complied

9

with the terms of the regulation." *Friend v. Comm'r of Soc. Sec.,* 375 Fed. Appx. 543, 550-552 (6th Cir. Ohio 2010)(*quoting Wilson v. Comm'r of Soc. Sec.*, 378 F.3d at 547). To meet the third exception, "the procedural protections at the heart of the rule may be met when the 'supportability' of a doctor's opinion, or its consistency with other evidence in the record, is indirectly attacked via an ALJ's analysis of a physician's other opinions or his analysis of the claimant's ailments." *Id. citing Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2006). Thus, if the claimant and reviewing Court can understand the reasons for the weight given a treating physician's opinion by the ALJ, strict compliance with the rule may sometimes be excused. *Id.*

The ALJ sets forth the findings and opinions of several doctors who treated the Plaintiff, including the state agency evaluators. The only indication given in the decision for the ALJ not giving controlling weight to the opinion of Dr. Pagani is the following statement: "[i]n December 2004, Dr. Pagani noted that the claimant could not do the light or sedentary work he was doing due to depression and hearing loss… the claimant worked many years with a hearing loss and has not followed through with referrals for hearing aids. There is no evidence of complaints of depression or treatment for same." (Tr. 23). Since this opinion of Dr. Pagani was based on ailments that were not supported by the record, the Court finds this 2004 opinion to be so patently deficient that the Commissioner could not possibly credit it. However, the same cannot be said of the 2007 opinion of Dr. Pagani because the AJL adopted some of the restrictions that Dr. Pagani discussed. (Tr. 23).

The second exception is not applicable here since the ALJ did not adopt the opinions of Dr. Pagani in their entirety, or make findings completely consistent with Dr. Pagani's opinions.

The third exception also does not apply to excuse the failure of the ALJ to set forth good reasons for rejecting Dr. Pagani's opinions. The Court recognizes that the ALJ took pains to set forth the opinions of Dr. Pagani, as well as those of other physicians, in his decision. However, there was no analysis of Dr. Pagani's opinions, other than that quoted above under the discussion of the first exception. The ALJ's cursory analysis is not sufficient to constitute an indirect attack of Dr. Pagani's other opinions. Likewise, the ALJ's analysis of Plaintiff's ailments did not operate to constructively satisfy the requirement that the ALJ set forth good reasons for his rejection of Dr. Pagani's opinions. Thus, the error is not harmless.

### III. Conclusion and Recommendation

For the foregoing reasons, **IT IS RECOMMENDED THAT:**

1. The decision of the Commission be **REVERSED** and **REMANDED** for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g);

2. On remand, the ALJ be instructed to properly review the medical evidence and provide a "good reason" for not giving Plaintiff's treating physician controlling weight.

                                                     */s Stephanie K. Bowman*
                                                     Stephanie K. Bowman
                                                     United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

KEVIN DUDLEY,                                Case No. 1:09-cv-749

       Plaintiff,                              Dlott, J.
                                             Bowman, M.J.

   v.

MICHAEL J. ASTRUE,

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).